IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADA JOANN EMERY, Personal Representative of the Estate of PHILLIP WAYNE WALKER, Deceased,<br><br>**Plaintiff,**<br><br>vs.<br><br>COUNTY OF DAKOTA, a Nebraska Political Subdivision,; and DOES 1-5, in their individual and official capacities<br><br>Defendants. | Case No.<br><br><br><br><br><br>**COMPLAINT, JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL** |

Ada Joann Emery, Personal Representative of the Estate of Phillip Wayne Walker, Deceased, Plaintiff in the above-captioned matter, by and through her counsel of record, for her cause of action against Defendants, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Ada Joann Emery ("Emery") is a resident of Broken Arrow, Oklahoma. Defendant County of Dakota ("County") is a Nebraska political subdivision. Defendants DOES 1 - 5 are and were employed by Defendant County as correctional officers, jailers, and/or law enforcement officers at all relevant times, and are liable for their actions in their individual and official capacities. Any and all actions undertaken by any and all of the Defendants constituted actions under color of state law.

2. This action is brought pursuant to the provisions of 28 U.S.C. §§1331 and 1333 and 42 U.S.C. §1983and Neb. Rev. Stat §30-809. The proper venue for this action is the United States District Court for the District

of Nebraska because the acts and omissions complained of herein occurred in Dakota City, Dakota County, Nebraska.

3. That the Defendant, Dakota County, is a political subdivision organized and existing by virtue of the laws of the State of Nebraska. That Defendant is a political subdivision within the meaning of the Political Subdivision Tort Claims Act of the State of Nebraska and pursuant to Neb. Rev. Stat. §13-905 the Plaintiff, on behalf of the Estate of Phillip Wayne Walker, filed a Claim with the Defendant, Dakota County Clerk Ted Piepho.

4. That pursuant to the Nebraska Political Subdivisions Tort Claims Act, *Neb. Rev. Stat.* § 13-901, *et seq.* (Reissue 2005), Plaintiff filed a claim with the Clerk of Dakota County, Nebraska on or about January 16, 2014, a copy of which is attached hereto and marked Exhibit "A." That six months from the date of this claim have passed and that there has not been a final disposition of the claim. That as a consequence, on September 19, 2014, Plaintiff sent Defendant, Dakota County, a letter withdrawing her claim, a copy of which is attached hereto and marked Exhibit "B."

5. That on or about January 16, 2013, Phillip Wayne Walker (hereinafter "decedent") was brought in for protective custody to the Dakota County Jail and while in custody suffered a injury to his head resulting in a large epidural hematoma contributing to his death.

6. That acts of negligence contained herein by Defendant Dakota County were a proximate cause of the injuries and damages to decedent. That any negligence by Defendant Dakota County's employees are imputed to Defendant Dakota County, pursuant to the doctrine of *respondeat superior*.

7. That as a direct and proximate cause of Defendant Dakota County's negligence as alleged herein, decedent was seriously injured in that he suffered a large subdural hematoma, severe shock to his nervous system, resulting in his death.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for her

special and general damages that are fair and reasonable, together with her costs herein expended.

## FACTUAL BACKGROUND

## SECOND CAUSE OF ACTION – DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES (42 U.S.C. § 1983)

8. Plaintiff restates and re-alleges paragraphs 1-7 as if fully set forth herein.

9. Plaintiff brings this action pursuant to U.S. Const. Amends. IV, V and XIV; 42 U.S.C. § 1983; Neb. Const. Art. 1 §§ 3 and 7; Neb. Rev. Stat. §§ 20-148; Neb. Rev. State. §30-809 and 13-901 *et seq.*, and other applicable provisions of both Nebraska and federal law.

10. On January 16, 2013, decedent was brought in for protective custody by the Dakota County Sheriff in Dakota City, Dakota County, Nebraska and was taken to the Dakota County Jail and while in custody suffered a head injury resulting in a large hematoma contributing to his death..

11. During his protective custody at the Dakota County Jail, suffered a head injury and exhibited unmistakable signs of a head injury. County agents and employees also knew that decedent was intoxicated.

12. In spite of those clear warnings, Defendant Dakota County chose to deny decedent urgent necessary medical care and treatment that the Nebraska Jail Standards require.

13. Defendant Dakota County agents and employees thereafter disregarded and were deliberately indifferent to warning signs of decedent's acute medical condition and fall risk.

14. On January 22, 2013, decedent was pronounced dead due to a traumatic brain injury.

## FIRST CAUSE OF ACTION 42
## U.S.C. § 1983

15. Plaintiff incorporates Paragraphs 1-14 above as if fully set forth herein.

16. Decedent had a right under the Constitution of the United States to be free from

excessive punishment and indifference to his medical needs, as well as a right to due process and equal protection, by employees of governmental entities.

17. At all times relevant to this Complaint, DOES 1-5 were acting under color of law – under the constitutions, statutes, administrative rules, customs, policies and usages of the County of Dakota, State of Nebraska and the United States – and had assumed the responsibilities, activities, and rights involved in exercising their roles as members of County's professional staff.

18. When decedent was under Defendants' supervision and custody, Defendants acted with deliberate indifference to decedent's known and recognized constitutional and legal rights to due process, equal protection and bodily integrity and to be free from excessive punishment and indifference to his medical needs. Defendants actively participated in the deprivation of decedent's constitutional rights by causing decedent's injuries and death.

19. Defendants' conduct, within their duties as members of the County's professional staff, under color of state law, deprived decedent of rights, privileges and immunities secured by the United States Constitution. Particularly, decedent was deprived of his constitutional liberty interest in due process, equal protection and bodily integrity and in freedom from excessive punishment and indifference to his medical needs.

20. As a result of Defendants' deprivation of decedent's constitutional liberty interests described above, Plaintiff has incurred damages.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983

21. Plaintiff incorporates paragraphs 1-20 above as if fully set forth herein.

4

### *Count I – Policy or custom of ignoring reports*

22. Defendant Dakota County had a special relationship with decedent, by virtue of the fact that Dakota County had custody and control over decedent. Due to his protective custody and his intoxication, decedent could not care for his own medical needs while being held. Defendant Dakota County knew this, and further knew that it had a duty to exercise reasonable care in the selection, training, assignment, supervision and retention of its professional staff, including DOES.

23. By those failures set forth above, Defendant Dakota County acted with deliberate indifference to a known risk of constitutional deprivation to decedent and being held in the Dakota County Jail.

24. As a result of Dakota County County's deliberate indifference to the risk of deprivation of decedent's constitutional liberty interests, Plaintiff incurred damages as set forth below.

25. Decedent could not have reasonably discovered that Defendant Dakota County had a custom or practice of tolerating misconduct by employees, and of failing to provide adequate training and staffing to implement reasonable fall prevention and urgent medical practices, because such knowledge was specifically held by officers and agents of Defendant Dakota County. Moreover, decedent was – as previously noted – intoxicated, and could not be reasonably expected to discover a Dakota County's harmful customs and practices to protect himself because he was intoxicated.

### *Count II – Failure to train*

26. At all times relevant to this Complaint, Defendant Dakota County had a custom or practice of failing to train its employees to be observant of and act upon signs and indications of acute medical needs for its detainees. Defendant Dakota County failed to implement training materials and programs related to recognizing and understanding patterns of intoxication, acute change in

medical condition, and fall prevention. In particular, Defendant Dakota County failed to train its employees to recognize the dangers and warning signs of a head trauma, acute changes in medical condition, and fall risks.

27. By failing to train its employees to recognize warning signs and a head trauma, acute change in medical condition, and fall risks in detainees, Defendant Dakota County acted with deliberate indifference to a known risk of constitutional deprivation to decedent and other detainees.

28. As a result of Defendant Dakota County's deliberate indifference to the risk of deprivation of decedent's constitutional liberty interests set forth above, Plaintiff has incurred damages as set forth below.

## PUNITIVE DAMAGES

29. Plaintiff incorporates by reference the allegations contained in paragraph 1-28 above as though fully set fourth herein.

30. In addition to compensatory damages, Plaintiff hereby makes a claim for punitive damages against defendants in an amount to be proven at trial for the willful and wanton acts and omissions of Defendants, to include violation of decedent's civil rights, as alleged herein. The acts and omissions of Defendants in this case were so gross and culpable in nature that they constitute reckless indifference and wanton disregard for the law and for the lives and safety of others, including decedent. Defendants committed the acts and omissions alleged herein and subjected decedent to improper treatment that caused decedent to suffer physical and mental pain and harm so severe that no person should be expected to endure it. Defendants' actions should be punished, and an example should be made so that these actions and omissions are not repeated.

31. The recovery of punitive damages is permitted under the federal civil rights statutes for

reckless and callous indifference to the federally protected rights of others, and is thus appropriate in this case. This instance of reckless and callous indifference to decedent's safety and constitutional rights should be punished through the imposition of punitive damages so as to make an example of conduct that will not be tolerated.

## ATTORNEY'S FEES

32. Plaintiff incorporates by reference the allegations contained in 1-31 above as though fully set forth herein.

33. As a result of defendants' actions as alleged herein, Plaintiff has been required to retain the services of attorneys and are entitled to a reasonable amount for attorney's fee pursuant to 42 U.S.C. § 1988 for those violations covered by the Civil Rights Act.

## DAMAGES

34. Plaintiff incorporates by reference the allegations contained in paragraph 1-33 above as though fully set forth herein.

35. The acts and omissions of defendants as set forth above have resulted in decedent's death and damages to Plaintiff. By virtue of these damages, Plaintiff is entitled to the following damages:

    A.    Compensatory damages for the violation of decedent's rights under both the federal and state Constitutions;

    B.    Funeral expenses were incurred following decedent's death, which should have been absolutely unnecessary and needless, to the sum of not less than $5,000.00;

    C.    Reasonable medical expenses;

    D.    Decedent's mental and physical pain and suffering;

    E.    Loss of society and companionship to decedent's heirs in such amounts

as are allowable by law;

F. Punitive damages to punish and deter the reprehensible conduct alleged in this Complaint;

G. Attorney's fees; and

H. The costs of this action and such other and further relief as this Court deems equitable and proper.

36. As a result of the negligent acts and omissions of Defendant described herein, decedent also sustained injuries that caused him conscious pain and suffering and mental anguish until his death.

**WHEREFORE,** Plaintiff prays for judgment against the defendants as follows:

A. Plaintiff prays for damages in an amount which will fairly and justly compensate them for the violation of their civil rights, their pain and suffering and other consequential damages flowing from the violations and torts set forth herein;

B. Punitive damages in an amount sufficient to adequately punish defendants and to deter future conduct of the type alleged in this Complaint;

C. For attorneys fees pursuant to 42 U.S.C. § 1988; and

D. For the costs of this action and for such other and further relief as this Court deems equitable and proper.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

37. Plaintiff requests that this matter be tried to a jury in Omaha, Nebraska.

ADA JOANN EMERY, Personal Representative of the
ESTATE OF PHILLIP WAYNE WALKER, Deceased,
Plaintiff,


By:   /s/ Christopher P. Welsh
      Christopher P. Welsh #22279
      James R. Welsh, #14459
      WELSH & WELSH, P.C., LLO
      9290 West Dodge Road
      204 The Mark
      Omaha, NE 68114
      (402) 384-8160
      (402) 384-8211 (fax)
      cwelsh@welsh-law.com
      ATTORNEYS FOR PLAINTIFFS